Thank you, Your Honor. Good morning, and may it please the Court. My name is Mark Eberts, and I represent Mr. Curtis M. John-Charles. I'll keep my remarks fairly brief to save the majority of my time for questions and rebuttal. Your Honors, usually the Attorney General argues in habeas cases that state court conclusions of law are entitled to deference and state court findings of fact are presumptively correct. In fact, in most habeas cases, that's their primary argument. This case is unusual because the California Court of Appeal ruled in Mr. John-Charles' favor as to the basic legal issue, that is, his right to have reappointment of counsel. And it made both factual findings and legal conclusions that support his position in this appeal. The only error that the state court made was recognized by the district court in its opinion, and I believe it's not disputed on appeal, which is that the state court failed to recognize that regardless of whether the right to counsel in this case is absolute or not, that if it is violated, it is structural error that is not subject to harmless error analysis. As I argued in my brief, the state court was correct as to everything but the harmless error issue, which is not disputed. So the state court was following state law, right? The California Court of Appeals is a line of decisions that, say, do exactly what this court did. Yes, but a couple of points. One is, of course, the right to appointment of counsel is established by clearly established Supreme Court law, federal law as well. The state law follows the federal law. And secondly, the test that the California Court of Appeals applied, which was derived from state law, the balancing test from a state case called Windham, is virtually identical to this court's test set forth in Menifee v. Board. So the California court, following California law, says, okay, you have the right to counsel, but you also have the right to waive that. Right. When you waive that and then change your mind, you don't have an absolute right. Then the question is whether or not applying their test will use this balancing of factors. And so the question for us is, is there a U.S. Supreme Court case that says after you reinstate counsel, after you've waived your right to counsel and you reinstate, there's a structural error, non-harmless error review. And so I'm looking for the U.S. Supreme Court case that says that the California Court of Appeals and the California law on this issue is contrary. What we have, Your Honor, is three Ninth Circuit cases which say. No, no. But they say, they say that it is under, according to the Ninth Circuit, clearly established Supreme Court law that you can do that. And those cases are Menifee v. Board. And what that says is that, you know, five circuits which are cited have followed this, have interpreted the Supreme Court this way. And we agree with them. And it is therefore clearly established Supreme Court law. They say that explicitly. Well, that's true. Bound by prior Ninth Circuit law that said it's clearly established. No, it says that we, the Ninth Circuit, say this is clearly established Supreme Court law as every other circuit has said. I mean, that case is pre-etho, though. Well, then look at. I mean, it's just, it doesn't, in other words, it may well stand for the proposition stating that this is what the Supreme Court said. But it's still under the law that existed at that time was applying the rule that the circuit courts could apply their own federal law, could interpret federal law. Now, Ed could change that. Well, actually, this Court has said repeatedly that Ninth Circuit cases are persuasive authority in determining what Supreme Court law is. Not controlling. And if I can finish my answer previously. Well, let us finish our question. Additional Ninth Circuit cases which say the same thing are Robinson v. Ignacio and Marshall v. Taylor. Which also says, that's Ninth Circuit 2004, that Paretta implicitly includes a timing element. And that other courts, according to clearly established Supreme Court principles, again, they say it explicitly. Other courts can determine what is timely and what is not timely. And that is exactly what the California Court of Appeal did in this case. Now, I didn't see a Ninth Circuit case, a post-Ed put Ninth Circuit case, saying that in this slice of time, so it's after you've waived your Paretta right and then changed your mind, that in that slice of time, it would be structural error not to do so. And in fact, there are other cases suggesting that the trial court has done the same thing, depending on timing and other issues. Robinson v. Ignacio is 2004. That's post-Ed put. And Marshall v. Taylor is also 2004, which is post-Ed put. And no, Your Honor, there is not a Supreme Court case that says there is a specific time in which you can change your mind. Those three Ninth Circuit cases say that there is under clearly established Supreme Court law. Also, Paretta does establish a timing element. And what Marshall says is that as long as you stay within the time established by the Supreme Court, that is that if it's weeks before trial, that at least is timely. Beyond that, it's up to the other courts to decide, which the California Court of Appeal did decide. I'm sorry, Your Honor. It seems to me that it's like there's two methodological approaches here, and I'm not sure which is the correct one. You want to do this in two pieces. California Court of Appeal says he had a right to counsel. And then the next piece is it can't be harmless error analysis because once they've decided he has a right to counsel, then all of the structural error things apply. But I think if you're posing counsel, let's say that's not the way you look at this. You look at it as one decision and see if the one decision is reasonable. So why is your way the right way and why is his way the wrong way? Actually, in my brief, I do address it entirely under federal law. I think that the law between California and the federal courts is basically identical. If you look at the test in Menifee v. Board, which is Ninth Circuit, and if you look at the test in Windham, they're basically all the same factors, all the same common sense factors. Is this done for purpose of delay? Would it prejudice the defendant? No, I think you have to answer the question I asked. He wants to look at the final decision that the California court made and say, is that unreasonable under Supreme Court law or is that contrary to established Supreme Court law? But you divide it in half. First decision, which you say was reasonable. Second decision, applying harmless error, which is unreasonable. So the question is, do you look at it in two pieces or do you look at it in one piece? I do, but I think that what I intended to do in my brief was look at it as alternatives both ways. It just so happens that it's very unusual for me to be in the position of saying that the state court was right and is entitled to deference and so on. That's almost always the state's argument. But if you look at my brief, I cite the Supreme Court cases which say you have the right to counsel, you have the right to self-representation, you have the right to change your mind. The exact timing is something that each court can decide for itself. As this court said in Ferris v. Girovino, 9th Circuit, 2005, you don't have to have a Supreme Court case that tells you exactly on the same facts what level of inquiry is required. Do you want to say something? I would like to. Thank you. May it please the Court. Deputy Attorney General Barton Bowers for the Warden and the State. Mr. John Charles chose two months ahead of trial to invoke his right under Ferretta to represent himself. And he was told a week before trial by a judge that he could have counsel reappointed if he wished. He didn't take that invitation. Instead, he waited for the day of trial when he went presenting for trial with a co-defendant who had his own lawyer who was also in custody to say at that time he wanted a lawyer. And there's nothing that the Supreme Court said that requires the trial courts who have reappointed a lawyer at that time. And what about what the opposing counsel is pointing to, which is 9th Circuit cases that say that this can be structural error, even a reinstatement issue? Well, violation of the right to counsel can be structural error. Isn't it always structural error? Yes. I mean, it is always structural error. It has been found to be structural error where that error exists. But here, there was no denial of the right to counsel. He chose to waive and give up that right. Well, what do we make of the California Court of Appeal decision? I mean, if the California Court of Appeal had gone your way and said that, no, there's no error here. The trial court was entirely correct to deny him his request, we'd have a different case. But here, the California Court of Appeal, and I agree it didn't reach the constitutional issue, but it said, no, the trial court was wrong. It shouldn't have made that decision. So if we take that as a predicate, he was denied the right to counsel improperly. And then why isn't that structural error? Well, trial, excuse me, the Court of Appeal did a couple of things. First and foremost, it rendered a decision on the merits denying his claim of a violation of the right to counsel because it didn't reverse his convictions. But the other thing it did is that it found, after applying California law, standards from Wyndham and other California cases, that under those standards, the trial court abused its discretion in denying his request. Now, those aren't clearly established federal law standards. No, I'm not suggesting that they are. But what I am suggesting is that once the state court of appeal has decided that the trial court made an error in denying his request for counsel, under state law or whatever law, we have a denial of the right to counsel, statutorily or otherwise. And if you take that as a predicate and you have a denial of the right to counsel, it's not too far late to say that's a Sixth Amendment violation, and therefore it's structural error. I don't believe that's the predicate that this court can take. The predicate under AEDPA, the Antiterrorism and Effective Death Penalty Act, is the state court's decision ultimately denying his Sixth Amendment claim on the merits. And that's what we have here. It may have reached further findings under an abuse of discretion standard. Again, not federal law. But then we get to the question of the harmless error or the question of harmless error, whether it's subject to harmless error analysis or not. And I think the state court is wrong to say that a Sixth Amendment violation is subject to harmless error analysis. Tell me why I'm wrong. Well, it may well be. But the reason we don't get to the question of harmlessness is because we don't have an error. Respectfully, we don't have a Sixth Amendment violation in this case. And the reason is that AEDPA demands that we look towards the Supreme Court's precedents. And nothing the Supreme Court has said has clearly established the law in this area. The Supreme Court has not established a bright-line rule with respect to timing of the request. It has not established the variety of factors that the trial court must consider in weighing the request. The court has not established impermissible factors that the trial court cannot weigh in that request. And finally, the Supreme Court has not established a standard of review by which we measure the trial court's decision. So there's nothing clearly established in this area. Go ahead. And so you're talking about, just so that I understand, you're talking about the situation where there's a reinstatement of counsel, a request for reinstatement of counsel after a FREDA waiver. Is that correct? That's the situation you're talking about. I think you're saying the Supreme Court has not addressed that situation. That's absolutely right. The Supreme Court made clear under FREDA that you may choose to represent yourself. But it did not set forth standards governing when you must be allowed to revoke that choice and to, again, reobtain the services of counseling. I get back to my original question. It sounds like your approach is you view this all as one thing. But what tells me that I need to reject the California Court of Appeals' decision that he was denied his right to counsel? Why do I have to reject that part? Because in reaching out— Because to get to where you want to at the end, I really have to reject that, don't I? Because they said he had no right to counsel, he was denied his right to counsel, and then they applied a harmless error analysis. So I have to reject the first part. And isn't that what the district court did, rejected the first part, and said he wasn't really denied his right to counsel? I would agree that's what the district court did. Is that what you want us to do? Well, no, I'm asking that this court look at the decision, which ultimately denied the claim, refusing to reverse his convictions, and find that there was nothing that the Supreme Court has clearly established that required the trial court to revoke it. And I'm asking you, is that the proper methodology in each case, to ignore how the California court got to where they got, what factual determinations they made, whatever, or assessments they made, and just go to the end, never take it apart? Well, the Ed Power requires that we look, first and foremost, at the ultimate decision. I mean, that's what it looks to. And in early v. Packer and other cases, the Supreme Court has said that the state court doesn't even need to show an awareness of Supreme Court cases, just as long as its result doesn't contradict the reasoning or the result of the Supreme Court cases. So we look, first and foremost, to the result. And here, the result did not violate the right to counsel. So we don't get to a question of harmlessness, because, respectfully, we don't get to the question of error. But you're being nice about it. And basically, you think the district court was wrong in its analysis in this case, the federal district court. I believe that. I think you've answered the question. Go ahead. So, as you correctly put it, it was a reasoning or result. And so if the reasoning is wrong, then we also lose the inference. And so I think that's the question that you've been hearing from us, which is, well, was the state court's reasoning wrong? Because once the state court reaches the conclusion that not reinstating counsel was an error, then aren't we in Sixth Amendment land where the Supreme Court has said you have an absolute right to counsel or it's a structural error? The reasoning is not what's critical. But if we look at the reasoning, what the California Court of Appeal did was apply California law to find error on the part of the trial court in abusing its discretion. Now, we know that that's not clearly established federal law. We know that we don't look to this court or other circuit court's decisions as representing clearly established federal law. So we look, first and foremost, to the result of the case. So you're saying the error wasn't that the court of appeals, state court of appeals' detection of error in what the trial court did was not an error relating to right to counsel. It was an error about when and what circumstances you have to reinstate counsel after a right of waiver, which is a different issue that the Supreme Court hasn't addressed. Am I understanding you right? Yes, I agree with that. And I think what the court of appeal did was very generous in finding violation under a higher standard than the California law, reversing the jury's findings onto enhancements, which is relief that he would not have been entitled to under clearly established federal law. The problem with that analysis is that the Supreme Court has said, well, we're not going to say when the right, what point the right can be asserted successfully before trial. We have to have some leeway. But it is, say, weeks. And so each state can decide for itself within our general rubric what's appropriate under the Sixth Amendment. And so California says, no, you were wrong to deny the right to counsel at that point. To me, then, that puts us squarely within the Supreme Court line of cases. It says, well, then it's a structural error. If it's a forerunner violation and the state, within the parameters that we've given the state, says that you abused your discretion under state law, then it does become a federal issue. And if it's a federal Sixth Amendment issue, it's hard to see how it's not subject to structural error. I mean, that's a problem I have. Well, it's certainly a federal issue. But the fact is that the court of appeal applied a California analysis, not clearly established federal law. It granted him relief under generous standards under California factors that have not been set forth by the Supreme Court. And the fact is that the Supreme Court has said nothing that would have required the trial court to grant his request made on the day of trial, saying, I changed my mind, I want a lawyer, when here's another defendant in custody, and there's almost a dozen witnesses waiting in the hallway, and the court may have other trials that need to come to its attention. You want us to say the trial court didn't err, but we need to determine whether the court of appeals erred or not. Yes. And the court of appeal had said, no, that was too late. It makes it a lot easier for you, I think. I agree, but I would invite this case to focus on the decision of the court of appeal. And basically what it did was it denied his claim on the merits. And nothing the Supreme Court has said requires a different appeal. All right. Thank you, counsel. Thank you. Your rebuttal. Thank you, Your Honors. As quickly as I can in a minute and a half, the clearly established Supreme Court law that establishes that this is structural error is U.S. v. Cronick, as cited by this Court's post-ad hoc decision in Robinson. And, of course, the absolute right to counsel is established by Gideon E. Wainwright, Powell v. Alabama. And neither of them really speak to this particular situation. No, they don't. But this is an issue that has come up again and again since Ferretta and has been decided by the Ninth Circuit, which has decided what is and is not a truly established Supreme Court law. Yeah. With regard to what the court of appeals did, since they didn't say this is about the Sixth Amendment, is it possible they were just saying this is how we want things done in the future under our general supervisory powers about how you judges down there should be doing these things? Because they never said Sixth Amendment. They never said Constitution. All of the cases that they cite, the California law is based upon the federal right to counsel. I mean, California does not have the ability, the power, to have any different rule or any different decision as to whether or not you have the right to counsel or the right to self-representation. Secondly, the state is wrong in saying that the state court of appeals found no error. It found an error. It reversed on one of the counts because the error was harmful and simply said we can't reverse the others only because of harmless error. And if it's structural error, that's not relevant. Also, I would point out that Mr. John Charles did not ask for reappointment of his previous counsel on the day of trial. He tried to get standby counsel as early as December 20th. On January 3rd, which is the operative, clear, unambiguous date of his request, that was the motions and limiting date. It wasn't until six days later that the jury was actually called in. What is it that he's talking about a week before trial he didn't ask? I thought the week before trial he kind of made a strange request as if it were a capital case and asked for a second trial. Yeah. Well, first of all, when trial begins is kind of an issue here. It may be one thing for purposes of speedy trial, another thing for purposes of double jeopardy, et cetera. But to use the actual dates, on December 20th he said, please give me co-counsel, something like standby counsel. That was denied because the statute that he cited referred to capital cases, and the judge said this is not a complex enough case to require counsel at trial. I've never heard of such a case personally, but I agree that it wasn't a capital case and that statute didn't apply. And then on January 3rd, which he asked unambiguously for reappointment of his previous counsel, and then regardless of whether that had been granted or not, the trial didn't actually begin. The jury wasn't actually called to court until six days later. Okay. Thank you. Any further questions? Thank you, counsel. Thank you for your arguments. The case will be submitted for decision.
judges: Restani, Thomas, Ikuta